UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
Marlene Mary Walz. *fka*
Marlene McElroy,

BKY 15-43077
'Chapter 7

Debtor.

**ORDER ALLOWING EXEMPTION**

At Minneapolis, Minnesota, March 15, 2016.

    This case came on for hearing on the trustee's objection to the debtor's claimed homestead exemption. Matthew D. Swanson appeared for the trustee, Randall L. Seaver, and Andrew C. Walker appeared for the debtor. The court has jurisdiction over this proceeding under 28 U.S.C. §§ 157(b)(1) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). For the reasons stated below, the trustee's objection is overruled, and the debtor's homestead exemption is allowed.

FACTUAL BACKGROUND

    The relevant facts are not in dispute. The debtor filed a chapter 7 petition on August 31, 2015. Before, on, and after the petition date, the debtor resided at a home owned in joint tenancy by her parents. The debtor listed the home as her address on her voluntary petition. She did not list any ownership interest in the home on Schedule A, and she did not claim any homestead exemption on Schedule C.

    Within 180 days after the petition date, the debtor's father died, leaving her mother as the sole owner of the home. Her mother died soon thereafter in November 2015, still within 180 days of the petition date. In her mother's will, there was no specific devise of the home, but she did devise the residue of her estate to her children—the debtor and her two siblings—to be divided and distributed equally.[1] After her parents' deaths, the debtor continued to reside at the home. On December 29, 2015, the debtor amended Schedule A, listing a one-third ownership interest in the home, valued at $212,500.00. She also amended Schedule C, claiming the one-third interest in the home exempt as her homestead under Minn. Stat. §§ 510.01–510.02.

---

[1] *See* Minn. Stat. § 524.3-101 ("Upon death, a person's real and personal property devolves to the persons to whom it is devised by last will . . . or in the absence of testamentary disposition, to the decedent's heirs, . . . subject to [certain provisions and allowances]."); *see also In re Beachside I Homeowners Ass'n*, 802 N.W.2d 771, 775 (Minn. Ct. App. 2011) (concluding that upon decedent's death, title to decedent's real property passed immediately to decedent's heirs by operation of Minnesota's probate code, and a probate proceeding was not required to vest title).

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *03/15/2016*
Lori Vosejpka, Clerk, by LH

The trustee objected to the debtor's claimed homestead exemption, arguing that the right to an exemption is determined as of the petition date, and that the debtor was ineligible for the Minnesota homestead exemption because she did not own the home at the time she filed her petition. The trustee conceded that the debtor occupied the home as of the petition date. The debtor responded, arguing that the homestead exemption is determined when the home became property of the estate, and that she was eligible for the Minnesota homestead exemption because she had an ownership interest in the home at the time the interest in the home became property of the estate.

## DISCUSSION

The ordinary rule is that property of the bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, when a debtor acquires or becomes entitled to acquire an interest in property by bequest, devise, or inheritance within 180 days after the petition date, the interest becomes property of the bankruptcy estate. 11 U.S.C. § 541(a)(5)(A).

The Code recognizes exemptions in postpetition-acquired property interests; it provides that value is determined as of the date that the property becomes property of the estate. *Cf.* 11 U.S.C. § 522(a)(2) (explaining that for § 522, with respect to property that becomes property of the estate after the petition date, "value" means fair market value as of the date that the property becomes property of the estate); *see also Collier on Bankruptcy* ¶ 522.05[1] (15th ed. 2015) ("[S]ome types of property that the debtor acquires . . . after the commencement of the case may be property of the estate . . . . The value of the after-acquired property . . . shall be determined as of the date such property became property of the estate.") (footnote omitted).

When a debtor's interest in property constitutes property of the estate as of the petition date, it is well-established that exemptions are determined as of the petition date. *See, e.g.*, *In re Smoinikar*, 200 B.R. 640, 643 (Bankr. D. Minn. 1996) (using petition date to determine exemption in property that was property of the estate as of the filing date: "Therefore, I must look to the circumstances prevailing at the time the debtor filed her bankruptcy petition to determine whether she can establish a homestead exemption."). A number of cases make similar statements—always in situations where the property at issue was property of the estate at the time that the petition was filed. But when a debtor's interest in property comes into the estate after the petition date as a result of a bequest, devise, or inheritance within 180 days after case commencement, there is some debate. Here, the trustee argues that the exemptions are determined as of the petition date, while the debtor argues that exemptions are determined when the property interest becomes property of the estate. The debtor clearly has the better view.

Section 510.01 of the Minnesota homestead exemption statute provides:

> The house owned and occupied by a debtor as the debtor's dwelling place, together with the land upon which it is situated to the amount of area and value hereinafter limited and defined, shall constitute the homestead of

2

>such debtor and the debtor's family, and be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or for services performed by laborers or servants and as is provided in section 550.175.

Minn. Stat. § 510.01. Subdivision 1 of section 510.02 of the Minnesota Statutes limits the homestead exemption to "any quantity of land not exceeding 160 acres," and the "exemption per homestead, whether the exemption is claimed by one or more debtors, may not exceed $ 390,000 . . . exclusive of [certain other limitations]." Minn. Stat. § 510.02, subd. 1. Here, the debtor's claimed amount of $212,500.00 does not exceed the Minnesota homestead statute's threshold amount of $390,000.00. Thus, if the exemption is allowed, there can be no doubt that at the time of her mother's death, the property was the debtor's exempt homestead.

The trustee argues that the ownership requirement for a homestead exemption under Minn. Stat. § 510.01 must be established as of the petition date, and that the debtor was not eligible for the homestead exemption because she did not have an ownership interest in the home as of the petition date. The trustee concedes that there is no Bankruptcy Code provision stating that the debtor must, as of the petition date, have an ownership interest in property in order to claim it exempt. Instead, the trustee relies on language from *In re Smoinikar*, 200 B.R. 640 (Bankr. D. Minn. 1996), for the proposition that exemptions are determined as of the petition date. The trustee's reliance on *Smoinikar* is misplaced. In that case, the property claimed as exempt constituted property of the estate as of the petition date. *Id.* In this case, by contrast, the property claimed as exempt did not become property of the estate until after the petition date by operation of § 541(a)(5).

The principle that exemptions are determined as of the date of the petition was stated long ago in *White v. Stump*, 266 U.S. 310 (1924), a Supreme Court case deciding a homestead exemption issue under the Bankruptcy Act of 1898, before the enactment of the current Code, and under different facts. But the Court's reasoning in *Stump* illustrated why the Court determined the exemption as of the petition date, and an examination of the Court's underlying reasoning supports why the exemption in this case should be determined as of when the property comes into the bankruptcy estate. The issue in *Stump* was whether, under the circumstances of that case, the debtor had a right to a homestead exemption. *Id.* The debtor owned the property as of the petition date but had not done all that was required by state law to entitle him to the exemption: he did not record a declaration that the land was both occupied and claimed as a homestead until a month after the petition date. *Id.* at 311. Ultimately, the Court determined that the debtor could not exempt the property because it was not exempt under state law as of the petition date, as by the petition date, the debtor had not complied with a state law requirement of the filing of a homestead declaration to establish a homestead exemption. *Id.* at 314. Before arriving at that determination, the Court reasoned:

3

>These and other provisions of the bankruptcy law show that the point of time which is to separate the old situation from the new in the bankrupt's affairs is the date when the petition is filed. This has been recognized in our decisions. Thus we have said that the law discloses a purpose "to fix the line of cleavage" with special regard to the conditions existing when the petition is filed, and that -- "It is then that the bankruptcy proceeding is initiated, that the hands of the bankrupt and of his creditors are stayed and that his estate passes actually or potentially into the control of the bankruptcy court." When the law speaks of property which is exempt and of rights to exemptions it of course refers to some point of time. In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors and the trustee in other particulars are fixed. The provisions before cited show -- some expressly and others impliedly -- that one common point of time is intended and that it is the date of the filing of the petition. The bankrupt's right to control and dispose of the estate terminates as of that time, save only as to "property which is exempt." § 70a. The exception, as its words and the context show, is not of property which would or might be exempt if some condition not performed were performed, but of property to which there is under the state law a present right of exemption -- one which withdraws the property from levy and sale under judicial process.

*White v. Stump*, 266 U.S. 310, 313 (1924).  By focusing on a certain point of time, the Court revealed why the petition date determined the exemption.  The Court focused on the point of time at "which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors and the trustee in other particulars are fixed." *Id.* at 313.  There, the "general estate" consisted of all the property the debtor had as of the petition date.  In that case, the "general estate" did not include property acquired by the debtor after the petition date.  Therefore, if the debtor had acquired an ownership interest in property after the petition date, then the status and rights of the debtor in relation to the creditors and the trustee in other particulars would not be fixed as of the petition date.  In this case, the debtor's property interest did not come into the bankruptcy estate until after the petition date.  So using *Stump*'s underlying reasoning, the determining point of time is when the debtor's ownership interest in the home passed out of her control, and the point of time when the status and rights of the debtor, her creditors, and the trustee with respect to her ownership interest in the home was fixed.  That point of time was when the debtor's ownership interest in the home came into the bankruptcy estate.  Outside of bankruptcy, that point of time is when creditors might reach the debtor's newly-acquired interest in property, and at that point, the debtor might claim an exemption under Minnesota law to shield her interest from the reach of creditors.  The current Code does not fix the point of time for determining the eligibility of exemptions, and the Court's reasoning in *Stump* helps to explain what point of time should determine the exemption.

4

In a case similar to this one, *In re Cutignola*, 450 B.R. 445 (Bankr. S.D.N.Y. 2011) case, the debtor occupied his home as a principal residence as of the petition date, but he did not acquire an ownership interest in the home until after the petition date when he inherited the home after his wife's death. *Id.* at 450. The bankruptcy court permitted him to exempt the home under New York exemption law. *Id.* One of the reasons the court cited as a basis for allowing the exemption was because the Code did not limit exemptions to property owned by the debtor as of the petition date: "[T]he property in which exemptions are allowed is not limited to property owned by the debtor at the time the case is commenced. Section 541 is subject to § 522, and § 522 does not contain a temporal limitation." *Id.* at 450. I agree with *Cutignola*: the Code does not limit exemptions to property owned by the debtor as of the petition date. Under section 541(a)(5)(A), property bequeathed to, devised to, or inherited by the debtor within 180 days after the petition date constitutes property of the bankruptcy estate. 11 U.S.C. § 541(a)(5)(A). Sections 522(b)(1) and (3) state that despite section 541, the debtor may exempt from property of the estate, any property that is exempt under state law. Section 522 does not limit the exemptions to property owned at the time of filing. Further, in section 522, "value" with respect to property that becomes property of the estate after the filing date means fair market value as of the date such property becomes property of the estate. 11 U.S.C. § 522(a)(2). There would be no need for § 522 to have a rule for determining value in after-acquired property unless such property could be claimed as exempt.

## CONCLUSION

For the reasons stated above, I hold that when property comes into the bankruptcy estate by a bequest, devise, or inheritance to the debtor within 180 days after the petition date, the debtor's right to an exemption in that property is determined as of the date the property becomes property of the estate. Here, the debtor is eligible to exempt her interest in the home because she owned and occupied her home at the time that her interest in the home became property of the estate.

THEREFORE, IT IS ORDERED:

The trustee's objection is overruled and the debtor's interest in the property legally described as:

Lot 14, Block 5, Adolfson & Peterson's First Addition, Hennepin County, Minnesota

is exempt.

/e/ Robert J. Kressel
_____
ROBERT J. KRESSEL
UNITED STATES BANKRUPTCY JUDGE

5